JUSTICE LEAPHART,
concurring in part and dissenting in part.
¶70 I concur with the Court's resolution of issues one, two, three, six, seven and eight. For the following reasons, I dissent as to issues four and five.
¶71 The majority opinion finds Officer Heinle's words of "stop" and "halt" sufficient not only to "assert his authority with intention to effect an arrest," but also sufficient to constitute "restraint of the person arrested." While we have broadly defined "restraint" to include constructive restraint, such as restraint by oral statement of arrest without any physical contact, we still require that an officer adequately communicate the fact of arrest to a person whom the officer intends to restrain. I do not agree with the majority that if an officer intends to arrest and restrain a person, saying "stop" constitutes an oral statement of arrest and restraint.
¶72 In both Thornton and [State v.] Widenhofer, [(1997) 286 Mont. 341, 950 P.2d 1383], we held that the officers had constructively restrained the defendants when the officers told the defendants they were "under arrest." While I agree that an oral statement of arrest suffices to place a defendant under restraint, I do not believe that "stop" or "halt" are the functional equivalents for the purpose of placing someone under restraint. In Thornton, we broadened the definition of restraint, but the majority rule today allows an officer to claim he or she has arrested and restrained a person if the officer so much as says "stop." Without restraint, a person has nothing from which to escape and cannot be convicted of escape. Because I do not agree that Martin was restrained, I would reverse the escape conviction.
¶73 Martin's aggravated burglary conviction was based on the contention that he entered the premises with the intent to commit the offense of escape. Because I would reverse the escape conviction, the conviction for aggravated burglary would also fail.